# EXHIBIT B

*Fishkind Declaration*

Charles R. Gibbs (SBN: 07846300)
Debbie Green (Admitted *Pro Hac Vice*)
Eric C. Seitz (SBN: 24067863)
McDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas  75201
Telephone: 469.715.4979
Facsimile: 972.692.7700
crgibbs@mwe.com
dgreen@mwe.com
eseitz@mwe.com

**COUNSEL FOR WFCM 2016-LC25 WEST
BAY AREA BOULEVARD, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KORNBLUTH TEXAS, LLC, | ) | Case No. 21-32261 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DECLARATION OF SCOTT FISHKIND IN SUPPORT OF WFCM 2016-LC25 WEST BAY AREA BOULEVARD, LLC's OBJECTION TO EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL

I, Scott Fishkind, declare as follows under penalty of perjury:

1.     I am an Asset Manager with LNR Partners, LLC ("LNR"), the special servicer and attorney in fact for Wilmington Trust, National Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016-LC25, Commercial Mortgage Pass-through Certificates, Series 2016-LC25 ("Trust"), the sole member of Lender.[1]  In this capacity, I am familiar with the Loan Documents referenced below and the

---

[1] Capitalized terms not defined herein shall have the meanings given to them in *WFCM 2016-LC25 West Bay Area Boulevard, LLC's Objection to Emergency Motion for Authority to Use Cash Collateral*, filed contemporaneously herewith.

**DECLARATION OF SCOTT FISHKIND - 1**

Debtor's obligations under such Loan Documents.

2.     I submit this declaration in support of *WFCM 2016-LC25 West Bay Area Boulevard, LLC's Objection to Emergency Motion for Authority to Use Cash Collateral*, filed contemporaneously herewith.

3.     Except as otherwise indicated, all facts set forth herein are based on my own personal knowledge or are known to me in my capacity as an Asset Manager of LNR.  If called upon to testify, I would testify competently as to the facts set forth herein.

4.     Prior to the Petition Date, the Debtor and Lender were parties to various loan documents evidencing its secured interest in all of the Debtor's property, including certain real property and related improvements described therein, commonly known as Holiday Inn Webster and located at 302 West Bay Area Boulevard, Webster, Texas 77598 (collectively, the "Loan Documents"), including, among others:

   a.   That certain **Promissory Note** (the "Note") dated October 21, 2016, executed by Debtor, payable to the order of the Lender's predecessor, Rialto Mortgage Finance, LLC (the "Original Lender") in the original stated principal amount of Eight Million Three Hundred Fifty Thousand and No/100 Dollars ($8,350,000) (the "Loan").  A true and correct copy of the Note is attached hereto and incorporated by reference as **Exhibit A**.

   b.   That certain **Loan Agreement** (the "Loan Agreement") dated as of October 21, 2016, executed by and between the Debtor and the Original Lender.  A true and correct copy of the Loan Agreement is attached hereto and incorporated by reference as **Exhibit B**.

   c.   That certain **Deed of Trust, Assignment of Leases and Rents and Security Agreement** (the "Deed of Trust") dated as of October 21, 2016, to Russ Toates, an individual, as trustee, for the benefit of the Original Lender. The Deed of Trust is recorded as instrument number RP-2016-481294 of the Official Public Records of Harris County, Texas (the "Records").  A true and correct copy of the Deed of Trust is attached hereto and incorporated by reference as **Exhibit C**.

   d.   That certain **Assignment of Leases and Rents** (the "ALR") dated as of October 21, 2016, executed by the Debtor for the benefit of the Original Lender.  The ALR is recorded as instrument number RP-2016-481295 in the

Records. A true and correct copy of the ALR is attached hereto and incorporated by reference as **Exhibit D**.

e. Original Lender's security interest in the Collateral perfected by filing was perfected pursuant to that certain UCC Financing Statement (Form UCC1) filed on October 25, 2016, under Filing Number 16-0035155905, with the Secretary of State of the State of Texas (the "SOS-TX UCC 1"). A true and correct copy of SOS-TX UCC1 is attached hereto and incorporated by reference as **Exhibit E**.

f. Original Lender's security interest in the Collateral constituting "fixtures" was also perfected pursuant to that certain UCC Financing Statement (Form UCC1) recorded on October 25, 2016, as Instrument Number RP-2016-481296, in the records (the "Harris County TX UCC 1"). A true and correct copy of Harris County TX UCC 1 is attached hereto and incorporated by reference as **Exhibit F**.

g. Documents subsequent to origination of the Loan evidencing the assignment and transfer of the Original Lender's interest in the Loan Documents to Lender: an Allonge to the Note from Original Lender to RMF Sub 1, LLC; the Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement from Original Lender to RMF Sub 1, LLC, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117834 in the Records; the Assignment of Assignment of Leases and Rents from Original Lender to RMF Sub 1, LLC, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117835 in the Records; the UCC Financing Statement Amendment (Form UCC3) from Original Lender to RMF Sub 1, LLC, filed on March 20, 2017, under Filing Number 17-00093017, with the Secretary of State of the State of Texas; the UCC Financing Statement Amendment (Form UCC3), recorded on March 21, 2017, as Instrument Number RP-2017-117836, in the Records; an Allonge to the Note from RMF Sub 1, LLC to Original Lender; the Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement from RMF Sub 1, LLC to Original Lender, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117837 in the Records; the Assignment of Assignment of Leases and Rents from RMF Sub 1, LLC to Original Lender, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117838 in the Records; the UCC Financing Statement Amendment (Form UCC3), filed on March 20, 2017, under Filing Number 17-00093022, with the Secretary of State of the State of Texas; the UCC Financing Statement Amendment (Form UCC3), recorded on March 21, 2017, as Instrument Number RP-2017-117839, in the Records; an Allonge to the Note from Original Lender to Trust; the Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement from Original Lender to Trust, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number

RP-2017-117840 in the Records; the Assignment of Assignment of Leases and Rents from Original Lender to Trust, executed on and effective as of January 3, 2017, and recorded on March 21, 2017, as Instrument Number RP-2017-117841 in the Records; the UCC Financing Statement Amendment (Form UCC3), filed on March 20, 2017, under Filing Number 17-00093033, with the Secretary of State of the State of Texas; the UCC Financing Statement Amendment (Form UCC3), recorded on March 21, 2017, as Instrument Number RP-2017-117842, in the Records; an Allonge to the Note from Trust to Lender; the Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement and Other Loan Documents from Trust to Lender, executed on and effective as of June 25, 2021, and recorded on June 29, 2021, as Instrument Number RP-2021-362581 in the Records; the Assignment of Assignment of Leases and Rents from Trust to Lender, executed on and effective as of June 25, 2021, and recorded on June 29, 2021, as Instrument Number RP-2021-362582 in the Records; the UCC Financing Statement Amendment (Form UCC3), filed on June 28, 2021, under Filing Number 21-00270238, with the Secretary of State of the State of Texas; and the UCC Financing Statement Amendment (Form UCC3), recorded on June 29, 2021, as Instrument Number RP-2021-362583, in the Records. Collectively, the documents evidencing the transfer from Original Lender to Lender will be referenced as the "**Assignment**." A true and correct copy of each document evidencing the Assignment is attached hereto and incorporated by reference as **Exhibit G-1**, **Exhibit G-2**, **Exhibit G-3**, **Exhibit G-4**, **Exhibit G-5**, **Exhibit G-6**, **Exhibit G-7**, **Exhibit G-8**, **Exhibit G-9**, **Exhibit G-10**, **Exhibit G-11**, **Exhibit G-12**, **Exhibit G-13**, **Exhibit G-14**, **Exhibit G-15**, **Exhibit G-16**, **Exhibit G-17**, **Exhibit G-18**, **and Exhibit G-19**.

5.      The Loan Documents were transferred and assigned to, and currently are held by, the Lender, who asserts that it has valid, perfected, enforceable, and non-avoidable priority liens and mortgages upon, and security interests in, the Property.

6.      Lender renewed the original UCC-1 filings perfecting its security interest in the collateral pursuant to that certain UCC Financing Statement Amendment (Form UCC3) filed on May 3, 2021, as File Number 2100176978, with the Secretary of State of the State of Texas, a true and correct copy of which is attached hereto and incorporated by reference as **Exhibit H-1**, and pursuant to that certain UCC Financing Statement Amendment (Form UCC3) recorded on May 4, 2021, as Instrument Number RP-2021-244550 in the Records a true and correct copy of which is attached hereto and incorporated by reference as **Exhibit H-2**.

7.      Lender's ownership of the Note and the other Loan Documents and all claims arising therefrom are by virtue of the Assignment, which is a lawful assignment, of the Note and all of the other Loan Documents and claims (both in tort and in contract) by its predecessor in interest, including, but not limited to, Original Lender.  Lender is in actual physical and lawful possession of the Note.

8.      Debtor caused a UCC Financing Statement to be filed evidencing other indebtedness and the pledging and/or granting of liens against certain assets of Debtor to a purportedly secured party (U.S. Small Business Administration) other than Lender (the "UCC Financing Statement").  Filing of the UCC Financing Statement constitutes a breach of Debtor's covenants under the Loan Agreement to continue to be a Single Purpose Entity while any of the Debt remains unpaid.  Further, filing of the UCC Financing Statement constitutes an unauthorized "Transfer" under Section 4.1.12(a) of the Loan Agreement.  A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit I**.

9.      Debtor also failed to pay County Hotel Occupancy Taxes due the Harris County Sports Authority levied upon the cost of occupancy of sleeping rooms furnished by hotels, such as Debtor, and as a result of such nonpayment, a lawsuit was filed by Harris County, Texas and Houston Sports Authority against Debtor, as evidenced by Plaintiff's Original Petition and Application for Temporary and Permanent Injunctions in the case styled *Harris County, Texas and Houston Sports Authority v. Kornbluth Texas, LLC dba Holiday Inn Webster*, Cause No. 2020-69733 (269th Judicial District, Harris County, filed October 29, 2020) (the "Tax Petition"). Further, it appears from a review of the docket that a default judgment was entered against Debtor on May 7, 2021 (the "Default Judgment").  Debtor's failure to inform Lender of the Tax Petition and Default Judgment is a breach of Section 4.1.5 of the Loan Agreement.  Further, Debtor's failure to remit taxes is a breach of, *inter alia*, Section 4.1.2 of the Loan Agreement, which posed

DECLARATION OF SCOTT FISHKIND - 5

a threat that Debtor's operation of the Property would be ordered shut down and a lien imposed against the Property. A true and correct copy of the Tax Petition and Default Judgment are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

10.     On or about October 22, 2018, Debtor filed a lawsuit styled *Kornbluth Texas, LLC v. Sunny Capital Management, L.P., WellsFargo Capital Management, L.L.C., Chao Chen, Jack Chen and Yueh Yun Chuang*, Cause No. 2018-76577 (133th Judicial District Court, Harris County), alleging that defendants, the prior owner of the Property, had failed to comply with a Property Improvement Plan (the "PIP") issued by Holiday Inn, which the prior owner agreed to do in an amended purchase and sale agreement (the "PIP Lawsuit"). Debtor alleges in the PIP Lawsuit that it had to complete the PIP at its expense and that the prior owner received some revenue to which it was not entitled. Upon information and belief, Debtor has used cash flow from the Property to fund the PIP Lawsuit without Lender's consent. A true and correct copy of the petition in the PIP Lawsuit is attached hereto as **Exhibit L**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 26ᵗʰ day of July 2021 in Montgomery County, Maryland.

_____
Scott Fishkind

DM_US 181341487-2.111858.0024

**DECLARATION OF SCOTT FISHKIND - 6**