# EXHIBIT E

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Robert Hempstead, Esq.

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102-5400
Attention: Robert Hempstead, Esq.

RECEIVED
OCT 25 2016
CLK 76

N6

16-0035155905
10/25/2016 12:15 PM
FILED
TEXAS SECRETARY OF STATE
SOS
696046820002

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| KORNBLUTH TEXAS, LLC | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 302 W. Bay Area Boulevard | Webster | TX | 77598 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| RIALTO MORTGAGE FINANCE, LLC | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 600 Madison Avenue, 12th Floor | New York | NY | 10022 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

See Exhibit A and Exhibit B attached hereto and incorporated herein by reference.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be recorded in the Office of the Texas Secretary of State                                    [097200041.067]

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)             International Association of Commercial Administrators (IACA)

## EXHIBIT A

(Legal Description)

302 West Bay Area Blvd
Webster, Harris County, Texas

Fee Parcel

Tract 1:

Unrestricted Reserve "C", Block 1, of One Bay Area Plaza, Harris County, Texas recorded under Film Code Number 612277 of the Map Records of Harris County, Texas; and

Easement:

TOGETHER WITH easement described in Easement Agreement, dated December 21, 2006, executed by and between Bay Area 4.5, Ltd., and Webster Hotel, LLC., as set forth in instrument(s) recorded at Harris County Clerk's File No. 20060296799 corrected by 20080242828 of the Real Property Records of Harris County, Texas. As shown and noted on survey prepared by Prime Texas Surveys, dated September 30, 2016; Job No. 161190.

TOGETHER WITH easement described in Easement Agreement, dated dated December 6, 2007, executed by and between Bay Area 4.5, Ltd., and Webster Hotel, LLC., as set forth in instrument recorded at Harris County Clerk's File No. 20070727577 of the Real Property Records of Harris County, Texas and ratified by Narendra Maran, as set forth in Ratification of Plat and Easement Agreement recorded under Clerk's File No. 20080242827 of the Real Property Records of Harris County, Texas. As shown and noted on survey prepared by Prime Texas Surveys, dated September 30, 2016; Job No. 161190.

## EXHIBIT B

## ATTACHED TO AND MADE A PART OF THAT
## CERTAIN UCC-1 FINANCING STATEMENT BY
## KORNBLUTH TEXAS, LLC ("DEBTOR"),
## IN FAVOR OF RIALTO MORTGAGE FINANCE, LLC ("SECURED PARTY")

This financing statement covers all right, title and interest of Debtor in and to the following described real and other property, together with all substitutions for and all replacements, reversions and remainders of such property and all appurtenances and additions thereto, whether now owned or hereafter acquired by Debtor (collectively, the "Property"):

(a) Land. The real property described in Exhibit A attached hereto and made a part hereof (the "Land");

(b) Additional Land. All additional lands, estates and development rights hereafter acquired by Debtor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of this Security Instrument;

(c) Improvements. The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (the "Improvements");

(d) Easements. All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Debtor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

(e) Fixtures and Personal Property. All machinery, equipment, fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures, inventory and goods), inventory and articles of personal property and accessions thereof and renewals, replacements thereof and substitutions therefor (including, but not limited to, beds, bureaus, chiffonniers, chests, chairs, desks, lamps, mirrors, bookcases, tables, rugs, carpeting, drapes, draperies, curtains, shades, venetian blinds, screens, paintings, hangings, pictures, divans, couches, luggage carts, luggage racks, stools, sofas, chinaware, linens, pillows, blankets, glassware, silverware, foodcarts, cookware, dry cleaning facilities, dining room wagons, keys or other entry systems, bars, bar fixtures, liquor and other drink dispensers, icemakers, radios, television sets, intercom and paging equipment, electric and electronic equipment, dictating equipment, private telephone systems, medical equipment, potted

plants, heating, lighting and plumbing fixtures, fire prevention and extinguishing apparatus, cooling and air-conditioning systems, elevators, escalators, fittings, plants, apparatus, stoves, ranges, refrigerators, laundry machines, tools, machinery, engines, dynamos, motors, boilers, incinerators, switchboards, conduits, compressors, vacuum cleaning systems, floor cleaning, waxing and polishing equipment, call systems, brackets, electrical signs, bulbs, bells, ash and fuel, conveyors, cabinets, lockers, shelving, spotlighting equipment, dishwashers, garbage disposals, washers and dryers), other customary hotel equipment and other tangible and all other property of every kind and nature whatsoever owned by Debtor, or in which Debtor has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, and usable in connection with the present or future operation and occupancy of the Land and the Improvements and all building equipment, materials and supplies of any nature whatsoever owned by Debtor, or in which Debtor has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, or usable in connection with the present or future operation and occupancy of the Land and the Improvements (collectively, the "Personal Property"), and the right, title and interest of Debtor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the State or States where any of the Property is located (the "Uniform Commercial Code"), superior in lien to the lien of this Security Instrument and all proceeds and products of the above;

(f) Leases and Rents. All leases, subleases, rental agreements, registration cards and agreements, if any, and other agreements, whether or not in writing, affecting the use, enjoyment or occupancy of the Land and/or the Improvements heretofore or hereafter entered into and all extensions, amendments and modifications thereto, whether before or after the filing by or against Debtor of any petition for relief under the Bankruptcy Code (the "Leases") and all right, title and interest of Debtor, its successors and assigns therein and thereunder, including, without limitation, any guaranties of the lessees' obligations thereunder, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, payments in connection with any termination, cancellation or surrender of any Lease, revenues, issues registration fees, if any and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and/or the Improvements, all income, rents, room rates, issues, profits, revenues, deposits, accounts and other benefits from the operation of the hotel on the Land and/or the Improvements, including, without limitation, all revenues and credit card receipts collected from guest rooms, restaurants, bars, mini-bars, meeting rooms, banquet rooms and recreational facilities and otherwise, all receivables (including Accounts Receivable), customer obligations, installment payment obligations and other obligations now existing or hereafter arising or created out of sale, lease, sublease, license, concession or other grant of the right of the possession, use or occupancy of all or any portion of the Land and/or Improvements, or personalty located thereon, or rendering of services by Debtor or any operator or manager of the hotel or the commercial space located in the Improvements or acquired from others including, without limitation, from the rental of any office space, retail space, commercial space, guest room or other space, halls, stores or offices, including any deposits securing reservations of such space, exhibit or sales space of every kind, license, lease, sublease and concession fees and rentals, health club membership fees, food and beverage wholesale and retail sales, service charges, vending machine sales and proceeds, if any, from business interruption or other loss of income insurance relating to the use, enjoyment or occupancy of the Land and/or the Improvements whether paid or accruing before or after the filing by or against Debtor of any

petition for relief under the Bankruptcy Code and all proceeds from the sale or other disposition of the Leases (the "Rents") and the right to receive and apply the Rents to the payment of the Debt;

(g) Condemnation Awards. All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including but not limited to any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

(h) Insurance Proceeds. All proceeds of and any unearned premiums on any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property;

(i) Tax Certiorari. All refunds, rebates or credits in connection with a reduction in real estate taxes and assessments charged against the Property as a result of tax certiorari or any applications or proceedings for reduction;

(j) Conversion. All proceeds of the conversion, voluntary or involuntary, of any of the foregoing including, without limitation, proceeds of insurance and condemnation awards, into cash or liquidation claims;

(k) Rights. The right, in the name and on behalf of Debtor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Secured Party in the Property;

(l) Agreements. All agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted on the Land and any part thereof and all right, title and interest of Debtor therein and thereunder, including, without limitation, the right, upon the happening of any default hereunder, to receive and collect any sums payable to Debtor thereunder;

(m) Intangibles. All trade names, trademarks, servicemarks, logos, copyrights, goodwill, books and records, tenant or guest lists, advertising materials, telephone exchange numbers identified in such materials and all other general intangibles relating to or used in connection with the operation of the Property;

(n) Accounts. All accounts, account collateral, reserves, escrows and deposit accounts maintained by Debtor with respect to the Property including, without limitation, the Clearing Account and the Cash Management Account, and all complete securities, investments, property and financial assets held therein from time to time and all proceeds, products, distributions or dividends or substitutions thereon and thereof;

(o) <u>Causes of Action</u>. All causes of action and claims (including, without limitation, all causes of action or claims arising in tort, by contract, by fraud or by concealment of material fact) against any Person for damages or injury to the Property or in connection with any transactions financed in whole or in part by the proceeds of the Loan ("<u>Cause of Action</u>"); and

(p) <u>Accounts Receivables</u>. All right, title and interest of Debtor arising from the operation of the Land and the Improvements in and to all payments for goods or property sold or leased or for services rendered, whether or not yet earned by performance, and not evidenced by an instrument or chattel paper, (hereinafter referred to as "<u>Accounts Receivable</u>") including, without limiting the generality of the foregoing, (i) all accounts, contract rights, book debts, and notes arising from the operation of a hotel on the Land and the Improvements or arising from the sale, lease or exchange of goods or other property and/or the performance of services, (ii) Debtor's rights to payment from any consumer credit/charge card organization or entities which sponsor and administer such cards as the American Express Card, the Visa Card and the Mastercard, (iii) Debtor's rights in, to and under all purchase orders for goods, services or other property, (iv) Debtor's rights to any goods, services or other property represented by any of the foregoing, (v) monies due to or to become due to Debtor under all contracts for the sale, lease or exchange of goods or other property and/or the performance of services including the right to payment of any interest or finance charges in respect thereto (whether or not yet earned by performance on the part of Debtor) and (vi) all collateral security and guaranties of any kind given by any person or entity with respect to any of the foregoing. Accounts Receivable shall include those now existing or hereafter created, substitutions therefor, proceeds (whether cash or non-cash, movable or immovable, tangible or intangible) received upon the sale, exchange, transfer, collection or other disposition or substitution thereof and any and all of the foregoing and proceeds therefrom; and

(q) <u>Other Rights</u>. Any and all other rights of Debtor in and to the items set forth in Subsections (a) through (p) above.

This UCC-1 Financing Statement is filed in connection with a certain Deed of Trust, Assignment of Leases and Rents and Security Agreement (the "<u>Security Instrument</u>"), securing payment of a note of even date in the total principal sum of $8,350,000.00, given by Debtor to Russ Toates, as Trustee, for the benefit of Secured Party covering the estate of Debtor in the Property and intended to be duly recorded in the Official Records of Harris County, Texas. Capitalized terms not defined herein shall have the same meaning as set forth in the Security Instrument and the Loan Agreement between Debtor and Secured Party, as applicable.