# EXHIBIT L

2018-76577 / Court: 133

10/22/2018 12:59:00 PM
Chris Daniel - District Clerk Harris County
Envelope No: 28451736
By: CUERO, NELSON Nelson Cuero
Filed: 10/22/2018 12:59:00 PM

NO. _____

| | | |
|---|---|---|
| **KORNBLUTH TEXAS, LLC** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| **SUNNY CAPITAL MANAGEMENT, L.P., WELLSFARGO CAPITAL MANAGEMENT, L.L.C., CHAO CHEN, JACK CHEN AND YUEH YUN CHUANG** | § § § § § | |
| **Defendants.** | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Kornbluth Texas, LLC, hereinafter called Plaintiff, complaining of and about Sunny Capital Management, L.P., Wellsfargo Capital Management, L.L.C., Chao Chen, Jack Chen, and Yueh Yun Chuang, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Kornbluth Texas, LLC, is a limited liability company whose business address is 302 W. Bay Area Blvd., Webster, Texas 77598.

3. Defendant Sunny Capital Management, L.P. is a limited partnership operating and

1

doing business in the State of Texas. It may be served with process by serving its registered agent, Wellsfargo Capital Management, L.L.C. at 1007 Oyster Bank Circle, Sugar Land, Texas 77478. Service of said Defendant as described above can be effected by personal delivery.

4. Defendant Wellsfargo Capital Management, L.L.C. is a limited liability company that is doing business in the State of Texas and may be served with process by serving its registered agent, Chao Chen at 1007 Oyster Bank Circle, Sugar Land, Texas 77478 or wherever else he may be found. Service of said Defendant as described above can be effected by personal delivery.

5. Defendant Chao Chen is an individual who is a resident of the State of Texas and may be served with process at his residence at 1007 Oyster Bank Circle, Sugar Land, Texas 77478 or wherever else he may be found. Service of said Defendant as described above can be effected by personal delivery.

6. Defendant Jack Chen is an Individual who is a resident of the State of Texas and may be served with process at 1007 Oyster Bank Circle, Sugar Land, Texas 77478 or wherever else he may be found. Service of said Defendant as described above can be effected by personal delivery.

7. Defendant Yueh Yun Chuang is an Individual who is a resident of the State of Texas and may be served with process at her residence at 1007 Oyster Bank Circle, Sugar Land, Texas 77478 or wherever else she may be found. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. Plaintiff seeks:

   a. monetary relief over $200,000 but not more than $1,000,000.

10. This court has jurisdiction over the parties because Defendants are Texas residents and/or companies operating in Texas.

11. Venue in Harris County is proper in Harris County because the substantial portion of the facts and actions that support these causes of action occurred in Harris County, Texas.

## FACTUAL ALLEGATIONS

12. This lawsuit arises from a 2016 sale of a Holiday Inn hotel and franchise from Defendant Sunny Capital Management, L.P. (hereinafter "Sunny") to Plaintiff, Kornbluth Texas, LLC[1] (hereinafter "Kornbluth"). The Purchase and Sale Agreement Joint Escrow Instructions (hereinafter "PSA") was entered into by the parties on or about July 21, 2016. An amendment to the PSA entitled First Amendment to Purchase & Sale Agreement dated July 21, 2016 (hereinafter "Amendment") was entered into on July 22, 2016 and an Assignment of Purchase and Sale Agreement (hereinafter "Assignment") of the buyer's rights under the PSA in favor of Kornbluth Texas LLC was entered into on or about October 7, 2016. A true and correct copy of the PSA, the Amendment and the Assignment are attached as Exhibit 1.

13. In 2016 and before, Defendant, Sunny was the owner and operator of a Holiday Inn franchise hotel located at 302 W. Bay Area Blvd., Webster, Texas 77598. (This location will be referred to as "Webster Holiday Inn"). As a franchisee, Sunny was required to maintain the property in a manner that was consistent with and in accordance with the standards set for by the franchisor, Holiday Inn. When Holiday Inn saw deficiencies that existed on a franchise property

---

[1] The original purchaser on the contract was actually Kornbluth Enterprises, Inc. but that entity properly assigned its rights under the contract to Kornbluth Texas LLC.

or if Holiday Inn determined upgrades to a property were in need, it would issue a Property Improvement Plan that the franchisee was then required to adhere to and make the needed repairs and upgrades called for by Holiday Inn.

14. Prior to entering into the PSA with Kornbluth, Sunny had received a Property Improvement Plan from Holiday Inn with regard to the Webster Holiday Inn. At the time that negotiations for the sale of the Webster Holiday Inn and franchise were commenced, Sunny had not fully complied with or completed all the requirements of the Property Improvement Plan. As such, the parties entered into the Amendment to the PSA which clearly indicates that Sunny would be responsible for completing all Property Improvement Plan requirements. (Please see Amendment in Exhibit 1).

15. The sale closed and Kornbluth took over possession and operations of the Webster Holiday Inn on or about October 21, 2016. Since the ownership transition occurs while the hotel is in operation, there is a procedure to make sure the Buyer/new owner receives the business proceeds starting at the time when it takes over operations and that the Seller/old owner fully receives the revenue up until the operation of the hotel changed hands. Typically in the industry the Seller will close or turn off the bank account that it had linked to the hotel (where guest reservation fees are automatically deposited) in order to ensure funds that now belong to the new owner are not accidentally, or otherwise, deposited into the Seller's account. However, this does not always happen as planned.

16. The PSA in this case indicates that if either the Buyer or the Seller receives revenue from the property that the other party was supposed to receive, then the receiving party would, except in certain circumstances, immediately remit the revenue to the other party. See

item 8, p. 4 of PSA attached as Exhibit 1.

17. As stated above, Kornbluth took over operations on or about October 21, 2016. Unfortunately, for a period of time after it took over operations, some of the revenue from guest reservations were funneled into Sunny's account that was linked to the hotel that had not been closed[2] as opposed to being deposited into the Kornbluth account for the hotel. Some guests were inadvertently charged twice when the on-line reservation system charged their card, and those funds sent to the Sunny account, while at the same time the guests card was run at the facility. The end result is that Sunny received revenues that it was not entitled to and Kornbluth was had to repay customers who were charged twice even if Kornbluth did not receive the funds at issue.

18. Upon discovering the problem, Kornbluth made Sunny aware of the situation and asked that Sunny return the money that it had received improperly. Sunny refused to do so and continues to refuse to do so. Kornbluth believes the damages it has suffered from this issue may be in excess of $110,000.00.

19. In addition, after taking over operation of the Webster Holiday Inn, Kornbluth discovered that Sunny had not fulfilled its obligations under the PIP issued by Holiday Inn. As such, Kornbluth had to take steps to make the outstanding repairs, changes and upgrades required under the PIP in order to be in compliance with the franchise agreement. Kornbluth had to spend in excess of $200,000.00 in order to address all the areas under the PIP that Sunny was supposed to have completed prior to closing.

---

[2] One employee who had worked at the Webster Holiday Inn while operated by Sunny had stayed on staff at the time of the transition to Kornbluth. That employee played a role in this improper transfer of funds. Later that employee left the Webster Holiday Inn and is believed to be back in the employ of Sunny or a related entity.

## Claims and Causes of Action

19  **Breach of Contract** - Plaintiff incorporates paragraphs 12 - 18 above. Under the terms of the PSA, Sunny was required to return any revenues it received that properly belonged to Kornbluth. When Kornbluth recognized that Sunny was receiving revenue to which it was not entitled, it contacted Sunny and asked for it to return the funds. Sunny has refused to do so and continues to refuse to return the proceeds. This is a breach of the PSA and such breach has caused Kornbluth to suffer damages.

20. In addition, under the Amendment, Sunny was required to complete the Property Improvement Plan. It did not do so and left Kornbluth in a position where it had to make the upgrades/repairs in order to be in compliance with the requirements as a franchisee of Holiday Inn. Sunny's failure to complete its obligations under the Property Improvement Plan is a breach of the agreement of the parties and such breach has caused Kornbluth damages.

21. **Conversion** - Plaintiff incorporates paragraphs 12 - 18 above. Upon the transfer of operations of the hotel, Sunny was no longer entitled to receive funds for guest reservations or any other revenue related to the Webster Holiday Inn. Sunny was made aware that it was, in fact, receiving such funds because its bank account had not been terminated and it was still linked to the Webster Holiday Inn. Even after Sunny became aware of this situation, it refused to return the funds to Plaintiff thus converting the funds to its own use. Plaintiff has suffered damages that may be in excess of $110,000.00 as a result of the conduct of Defendant.

22. **Vicarious Liability/Liability of Other Defendants** - Wellsfargo Capital Management L.L.C. is the general partner of Defendant Sunny. As such, it is liable for the acts and actions of Sunny.

23. Chao Chen, Yueh Yun Chuang and Jack Chen are all members, owners and/or officers of Sunny and/or Wellsfargo Capital Management, L.L.C. It is believed that they worked with and conspired with each other and Sunny and/or Wellsfargo Capital Management, L.L.C. to keep the Kornbluth revenue that was improperly funneled into the Sunny account after Kornbluth took over operations and may themselves be in possession of or used such revenue for their own purposes. It is also believed that they conspired with each other and Sunny and/or Wellsfargo Capital Management L.L.C. to shift the burden of the Property Improvement Plan to Kornbluth and thus financially benefit from said action. As such, these Defendants should be personally liable for the damages suffered by Plaintiff.

### Damages

24. Plaintiff has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendants described hereinabove, including, but not limited to actual or economic damages in excess of $310,000.00.

### Exemplary Damages

25. Plaintiff would further show that the acts and omissions of Defendants, individually and acting in concert with each other, complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff. In order to punish said Defendants for such conduct and to deter such actions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

### Attorney's Fees

26. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code as well as under the agreement at issue.

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kornbluth Texas, LLC, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, exemplary damages, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

HAMMOCK LAW FIRM, PLLC

By: _____
R. Talmadge Hammock
Texas Bar No. 00793889
Email: thammock@hammocklawfirm.com
1002 Gemini, Suite 100

HOUSTON, TX 77058  
Tel. (281) 667-4128  
Fax. (281) 676-3773  
Attorney for Plaintiff  
Kornbluth Texas, LLC