United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| KORNBLUTH TEXAS, LLC, ) | Case No. 21-32261 (CML) |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER REGARDING WFCM 2016-LC25 WEST BAY AREA BOULEVARD, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO NON-RESIDENTIAL REAL PROPERTY

This matter having come before the Court on the Motion[1] filed by WFCM 2016-LC25 West Bay Area Boulevard, LLC (the "Lender") seeking relief from the automatic stay under Bankruptcy Code section 362(d) to enforce its rights and remedies under the Loan Documents and under applicable law with respect to its Collateral; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found this is a core proceeding under 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and proper and adequate notice of the Motion having been given and no other or further notice being necessary; and the Court having reviewed the Motion and having considered the evidence presented and heard the statements in support of the relief requested therein at hearings before this Court (collectively, the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

cause appearing therefor; and all objections to the Motion having been withdrawn or overruled, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** in part and **DENIED** in part as set forth below.

2. <u>Retention of CRO</u>.  The Court appoints Douglas Brickley of The Claro Group, LLC as the Chief Restructuring Officer of the Debtor ("<u>CRO</u>") pursuant to Bankruptcy Code section 327(a) to operate and manage the Debtor's business operations as set forth below.

3. The terms of the CRO's engagement shall be acceptable to (i) Lender, and (ii) the United States Trustee (the "<u>U.S. Trustee</u>") (for purposes of disinterestedness) and shall be set forth in an engagement letter in form and substance acceptable to the CRO, Lender, and U.S. Trustee (the "<u>Engagement Letter</u>") to be filed with the Court not later than October 8, 2021.

4. The CRO will perform all activities and services customarily performed by the Debtor's managing member, including:

    (i) oversight of all aspects of the management and operations of the Debtor's business, in such manner as the CRO deems necessary or appropriate;

    (ii) sole authority to make decisions with respect to all aspects of management of the Debtor's business including, but not limited to, operations and employment matters and oversight of the bankruptcy process consistent with this Order;

    (iii) responsibility for communications with creditors of the Debtor and meetings with representatives of such constituents;

    (iv) financial management of the Debtor and control over all of the Debtor's assets, including all bank accounts containing Debtor's funds and disbursements therefrom;

    (v) the preparation of the statement of financial affairs, schedules and other regular reports required by the Court or which Debtor is otherwise obligated to prepare and provide;

    (vi) oversight of the Broker (as defined below) and sale of the Property; and

    (vii) the retention of additional estate professionals as the CRO deems advisable in furtherance of the foregoing, subject to the requirements of the Bankruptcy Code and Bankruptcy Rules.

5. The CRO's compensation shall be subject to review by the Court pursuant to 11 U.S.C. § 330(a).

6. The CRO shall report directly to the Court and may only be removed by order of the Court.

7. The CRO shall not act in any other capacity except as described in this Order or the Engagement Letter (for example, and without limitation, the CRO shall not act as an investment banker, claims agent/claims administrator, or investor/acquirer) in connection with this Case, except upon subsequent application and order.

8. The CRO shall cooperate fully with the Lender as required under the applicable loan documents executed between each of the Lender and the Debtor.

9. The CRO shall disclose any and all facts that may have a bearing in this Case on whether the CRO, its firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

10. <u>Engagement of Broker</u>. As soon as practicable, but not later than October 12, 2021, the CRO shall engage the services of a broker (the "<u>Broker</u>") to market the Property for sale through a Bankruptcy Code section 363 process. The identity of the Broker and the terms of such Broker's engagement shall be acceptable to (i) Lender, (ii) the United States and (iii) the U.S. Trustee (for purposes of disinterestedness). The Broker shall be entitled to take all steps necessary to market and sell the Property; *provided, however*, that any fees for the Broker's services shall come from proceeds of the sale of the Property. Any contract to sell the Property shall be in form and substance acceptable to the Lender.

11. <u>Lifting of Automatic Stay</u>.  Except as otherwise ordered by this Court, and unless Lender's claim (as agreed to between the parties or adjuducated by the Court) is paid in full (the "<u>Payoff Date</u>") prior to December 9, 2021 (the "<u>Stay Relief Date</u>"), the automatic stay imposed by Bankruptcy Code section 362 automatically shall be terminated effective at 12:01 a.m. CST on the Stay Relief Date for the purpose of allowing the Lender to exercise any and all of its rights and remedies under state law and the Loan Documents with respect to its Collateral, including, but not limited, to: (i) advertising and noticing the Property for non-judicial foreclosure sale; (ii) foreclosing on the Property; and (iii) seeking and obtaining confirmation of any such foreclosure sale.  For the avoidance of doubt, the relief from the automatic stay as provided for in this paragraph is self-effectuating and shall not require further order of this Court.

12. <u>Cash Collateral</u>.  Within three (3) days of entry of this Order, the Debtor shall remit to Lender the amount of $60,000 as adequate protection payments for the months of July – September 2021.  For the time period October 1, 2021 through the later of the Payoff Date or the Stay Relief Date, cash shall be remitted to Lender monthly in an amount equal to cash on hand as of the last business day of each month less budgeted expenses for the succeeding month plus 15%, as additional adequate protection payments.  Such payments shall be tendered to Lender by the fifth day of each month of such excess cash on hand as of the last business day of the prior month.

13. By 3:00 p.m. CDT on Monday, October 4, 2021, Cheryl Tyler shall cause all monies held in the American Express savings account ending in 8955 (the "<u>Amex Account</u>") and the Goldman Sachs savings account ending in 3303 (the "<u>Goldman Account</u>") to be deposited into the JPMorganChase checking account ending in 2103 (the "<u>Chase Account</u>").

14. Within five (5) days of entry of this Order, (i) the CRO shall be added as an authorized signatory to the Chase Account and all other representatives of the Debtor, including

Cheryl Tyler, shall be removed as authorized signatories to the Chase Account and (ii) the Debtor shall provide all monthly, quarterly and annual statements for the Amex Account, the Goldman Account and the Chase Account to the CRO for the time period January 1, 2020 through September 30, 2021.

15. <u>Cooperation of the Debtor</u>. For the avoidance of doubt, effective immediately upon retention of the CRO, Cheryl Tyler shall have no right to manage the Debtor or the Property. Ms. Tyler further is ordered to (i) provide the CRO with all of the Debtor's books and records (including all financial statements and access to all financial and performance reporting systems) from January 1, 2020 to the present, (ii) transfer monies in the Debtor Cash Accounts as set forth above, and (iii) cooperate fully with the CRO and the Broker and to timely take any actions and execute such documents necessary to ensure the efficient operation of the Debtor's business and to effectuate the terms of this Order.

16. This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: September 30, 2021

_____
Christopher Lopez
United States Bankruptcy Judge