IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-32261 |
| **KORNBLUTH TEXAS, LLC,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

**DEBTOR'S APPLICATION FOR AN
ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF
THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
AND RETENTION OF OKIN ADAMS LLP AS COUNSEL FOR THE DEBTOR**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Kornbluth Texas, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this *Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Okin Adams LLP as Counsel for the Debtor* (the "Application"), and in support hereof, respectfully states as follows:

### I.   JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested in this Application are sections 327, 328, 329, and 1107 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the

"Bankruptcy Code"), Rules 2014, 2016(b), and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II. BACKGROUND

3. This case (the "Chapter 11 Case") commenced on July 5, 2021 (the "Petition Date"), when Kornbluth Texas, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its property as a debtor in possession. No official committee has been appointed in the Chapter 11 Case, and no request has been made for the appointment of a trustee or examiner.

5. Prior to the Petition Date, the Debtor engaged Margaret M. McClure ("McClure") to file the Chapter 11 Case and represent the Debtor. On July 18, 2021, the Debtor filed its *Ex Parte Application for authority to Appoint and Retain Counsel Pursuant to 11 U.S.C. § 327* [ECF # 31] seeking entry of an order authorizing the retention of McClure as general bankruptcy counsel for the Debtor. The Court entered its *Order Granting Debtor's Ex Parte Application for Authority to Appoint and Retain Counsel Pursuant to 11 U.S.C. § 327* [ECF # 48] on August 13, 2021.

6. On September 30, 2021, the Court entered its *Order Regarding WFCM 2016-LC25 West Bay Area Boulevard, LLC's Motion for Relief from the Automatic Stay With Respect to Non-Residential Real Property* [ECF # 85] (the "CRO Order"). Pursuant to the CRO Order, the Court appointed Douglas J. Brickley of The Claro Group, LLC as Chief Restructuring Officer ("CRO") of the Debtor and authorized the CRO, subject to the requirements of the

Bankruptcy Code and Bankruptcy Rules, to retain additional estate professionals as the CRO deems advisable in furtherance of his duties under the CRO Order.

7.  After his appointment by the Court, and in accordance with his duties under the CRO Order, the CRO deemed it necessary and appropriate to retain new bankruptcy counsel for the Debtor in the place of McClure.  Accordingly, the CRO contacted and engaged Okin Adams LLP ("Okin Adams" or the "Firm") to substitute in as general bankruptcy counsel for the Debtor.

### III.  RELIEF REQUESTED

8.  By this Application, the Debtor seeks entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code authorizing the employment and retention of Okin Adams as general bankruptcy counsel to the Debtor.

### IV.  RETENTION OF OKIN ADAMS

9.  The Debtor seeks to retain Okin Adams to act as its new general bankruptcy counsel during the Chapter 11 Case.  Matthew S. Okin, the partner at Okin Adams who is primarily responsible for the representation of the Debtor, is admitted to practice in this district, as are the other Firm lawyers expected to work on this engagement.

10.  The Debtor respectfully submits that it will be necessary to employ and retain counsel pursuant to section 327 of the Bankruptcy Code to serve as the Debtor's general bankruptcy counsel in these Chapter 11 Case to:

> a)  advise the Debtor with respect to its rights, duties and powers in the Chapter 11 Case;
>
> b)  assist and advise the Debtor in its consultations relative to the administration of the Chapter 11 Case;
>
> c)  assist the Debtor in analyzing the claims of its creditors and in negotiating with such creditors;
>
> d)  assist the Debtor in the analysis of and negotiations with any third-party concerning matters relating to, among other things, a sale of substantially

3

      all of the Debtor's assets, or the terms of a plan of reorganization;

  e)  represent the Debtor at all hearings and other proceedings;

  f)  review and analyze all applications, orders, statements of operations and schedules filed with the Court and advise the Debtor as to their propriety;

  g)  assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives; and

  h)  perform such other legal services as may be required and are deemed to be in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code.

11. Because of the extensive legal services that will be necessary in the Chapter 11 Case, and the fact that the full nature and extent of such services are not known at this time, the Debtor believes that the employment of Okin Adams for all of the Debtor's purposes set forth above would be appropriate and in the best interests of the Debtor.

12. The Debtor further believes that Okin Adams possesses extensive knowledge and expertise in the areas of law relevant to this Chapter 11 Case and that Okin Adams is well qualified to represent the Debtor.

## V.   OKIN ADAMS IS "DISINTERESTED"

13. Under section 327(a) of the Bankruptcy Code, the trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§ 101(14) and 327(a). Section 1107(b) of the Bankruptcy Code modifies sections 101(14) and 327(a) in cases under chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor in possession solely because of such person's

employment by or representation of the debtor before the commencement of the case.  11 U.S.C. § 1107(b).

14. To the best of the Debtor's knowledge, Okin Adams is not an insider of the Debtor, nor does the Firm have any direct or indirect relationship to, connection with, or interest in the Debtor that would make its interests materially adverse to the interests of the estate or of any class of creditors or equity security holders.  The details of all other connections between Okin Adams and the Debtor or its creditors are set forth in the Declaration of Matthew S. Okin (the "Okin Declaration"), which is attached to this Application as **Exhibit A** and incorporated herein by reference.  To the best of the Debtor's knowledge, Okin Adams does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, or any person employed in the Office of the United States Trustee for the Southern District of Texas.  Based upon the Okin Declaration, the Debtor believes that Okin Adams is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and is therefore qualified to be employed by the Debtor pursuant to section 327(a) of the Bankruptcy Code.

## VI.   TERMS OF OKIN ADAMS' ENGAGEMENT

15. The Debtor has agreed to engage Okin Adams pursuant to the Firm's standard policies and procedures, and requests that this Court approve such terms and conditions of Okin Adams' employment as reasonable pursuant to section 328(a) of the Bankruptcy Code.

16. Subject to the provisions of section 327(a) of the Bankruptcy Code, as incorporated in section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules, the Debtor is informed that Okin Adams intends to apply for compensation for

professional services rendered in connection with the Chapter 11 Case, subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Okin Adams, as described in the Okin Declaration.

17. As set forth in the Okin Declaration, Okin Adams was engaged post-petition after entry of the CRO Order, and therefore did not receive a retainer from the Debtor prior to the Petition Date. Since being retained as bankruptcy counsel, Okin Adams has been providing services to Debtor in accordance with the Firm's standard policies and procedures. Okin Adams has not been paid for any fees or expenses incurred in connection with filing the Chapter 11 Case. *See* 11 U.S.C. § 329.

## VII. **PRAYER**

WHEREFORE, the Debtor requests that this Court enter an order, substantially in the form submitted herewith, (i) approving the retention of Okin Adams LLP as general bankruptcy counsel for the Debtor in the Chapter 11 Case; and (ii) granting such other and further relief as the Court may deem just and proper.

4832-1757-8238, v. 1

Respectfully submitted on the 12th day of October, 2021.

          **KORNBLUTH TEXAS, LLC**

          By:    /s/ *Douglas J. Brickley*
                Douglas J. Brickley
                Chief Restructuring Officer

          **OKIN ADAMS LLP**

          By:    /s/ *Matthew S. Okin*
                Matthew S. Okin
                Texas Bar No. 00784695
                Email: mokin@okinadams.com
                Ryan A. O'Connor
                Texas Bar No. 24098190
                Email: roconnor@okinadams.com
                1113 Vine St., Suite 240
                Houston, Texas 77002
                Tel: 713.228.4100
                Fax: 888.865.2118

          **PROPOSED ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, a true and correct copy of the foregoing Application was served via the Court's CM/ECF system to all parties consenting to service through the same.

          By:    /s/ *Matthew S. Okin*
                Matthew S. Okin