United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 09, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 21-32261 |
| **KORNBLUTH TEXAS, LLC,** § | |
| § | Chapter 11 |
| Debtor. § | |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CBRE INC. AS BROKER FOR THE DEBTOR
(Relates to ECF # 124)

The Court considered the *Debtor's Emergency Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of CBRE Inc. as Broker for the Debtor* (the "Application")[1] and the Declaration of Michael Yu (the "Yu Declaration") submitted in support of the Application. The Court hereby finds that based upon the representations made in the Application and Yu Declaration: (i) CBRE represents no interests adverse to the Debtor's estate or its creditors with respect to the matter upon which it is to be engaged; (ii) CBRE is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as provided and disclosed in the Application and the Yu Declaration; (iii) the employment of CBRE on an emergency basis is necessary and is in the best interests of the Debtor's estate; and (iv) the Application should be GRANTED. It is therefore hereby **ORDERED** that:

1. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, and in accordance with all of the terms set forth in the Listing Agreement, as modified by this Order, the Debtor is authorized to employ and retain CBRE Inc. as the Debtor's broker in the Chapter 11 Case.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application or Listing Agreement, as applicable.

1

2. The Debtor shall be bound by the Indemnification Provisions of the Listing Agreement, subject to the following during the pendency of the Chapter 11 Case:

(i) Subject to the provisions of subparagraphs (ii) and (iii) below, the Debtor is authorized to indemnify, and shall indemnify, CBRE and the other Indemnified Parties for any claims arising out of, or related to, CBRE's engagement under, or any matter referred to in, the Listing Agreement and/or the services to be provided by CBRE as specified in the Application;

(ii) The Debtor shall have no obligation to indemnify CBRE for any claim or expense that is judicially determined (the determination having become final) to have resulted primarily from CBRE's actual fraud, gross negligence, bad faith, breach of fiduciary duty (if any), self-dealing (if found to be applicable), or willful misconduct; and

(iii) If before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Case (that order having become a final order no longer subject to appeal), and (b) the entry of an order closing the Chapter 11 Case, CBRE believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, reimbursement, and contribution obligations under the Listing Agreement or the Application, including, without limitation, the advancement of defense costs, CBRE must file an application in this Court, and the Debtor may not pay any such amounts to CBRE before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CBRE for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify or provide contribution or reimbursement to CBRE.

3. CBRE shall file a final fee application for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court; *provided*, *however*, that: (i) CBRE's compensation in the Chapter 11 Case shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; and (ii) CBRE and its professionals shall (a) be excused from keeping time records for services rendered in one-tenth of an hour

increments, (b) shall only be required to maintain expense reimbursement records, and (c) will submit, with any interim or final fee application, a narrative summary of services rendered, a specific breakdown of the compensation sought in the categories described in the Listing Agreement, setting forth detail and information regarding the calculation of the fees and the total amount of compensation requested by CBRE.

4. Notwithstanding anything to the contrary in the Application, Yu Declaration, or Listing Agreement, all of CBRE's fees and expenses are subject to approval of this Court.

5. CBRE shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in the Chapter 11 Case.

6. Notwithstanding anything in the Application or the Listing Agreement, to the extent the Debtor wishes to expand the scope of CBRE's services beyond those services set forth in the Application or the Listing Agreement, the Debtor shall be required to seek further approval from this Court.

7. In the event that, during the pendency of the Chapter 11 Case, CBRE seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in CBRE's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code; *provided*, *however*, that CBRE shall not seek reimbursement form the Debtor's estate for any fees incurred in defending any of CBRE's fee applications in the Chapter 11 Case.

8. CBRE shall not seek reimbursement for any attorneys' fees and/or expenses incurred in connection with drafting, negotiating and/or entering into the Listing Agreement.

9. CBRE will review its files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, CBRE will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014.

10. To the extent the Application, Yu Declaration, or Listing Agreement are inconsistent with this Order, the terms of this Order shall control.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  November 08, 2021

Christopher Lopez
United States Bankruptcy Judge

4