IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-32261 |
| **KORNBLUTH TEXAS, LLC,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**DEBTOR'S EMERGENCY APPLICATION FOR AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
BTTX ASSOCIATES LLC AS HOTEL OPERATOR FOR THE DEBTOR**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE APPLICATION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **RELIEF IS REQUESTED NOT LATER THAN DECEMBER 10, 2021.**

Kornbluth Texas, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this *Emergency Application for an Order Authorizing the Employment and Retention of BTTX Associates LLC as Hotel Operator for the Debtor* (the "Application"), and in support hereof, respectfully states as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Application are sections 105(a), 327, 328, 363(b)(1), and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016(b), and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

### II. BACKGROUND

3. This case (the "Chapter 11 Case") commenced on July 5, 2021 (the "Petition Date"), when the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its property as a debtor in possession. No official committee has been appointed in the Chapter 11 Case, and no request has been made for the appointment of a trustee or examiner.

5. The Debtor's primary asset is its interest in the real property commonly known as Holiday Inn Webster (the "Hotel") and located at 302 West Bay Area Boulevard, Webster, Texas 77598 (the "Property").

6. On September 30, 2021, the Court entered its *Order Regarding WFCM 2016-LC25 West Bay Area Boulevard, LLC's Motion for Relief from the Automatic Stay With Respect to Non-*

*Residential Real Property* [ECF # 85] (the "CRO Order") and appointed Douglas J. Brickley as Chief Restructuring Officer ("CRO") of the Debtor.  Pursuant to the CRO Order, the CRO is authorized, subject to the requirements of the Bankruptcy Code and Bankruptcy Rules, to retain additional estate professionals as the CRO deems advisable in furtherance of his duties under the CRO Order.

### III.   RELIEF REQUESTED

7.   By this Application, the Debtor seeks entry of an order authorizing the employment and retention of BTTX Associates LLC ("BTTX" or the "Company") as Hotel operator for the Debtor in accordance with the terms and conditions of the engagement agreement dated November 24, 2021 (the "Engagement Agreement"), which is attached to this Application as **Exhibit A** and incorporated herein by reference.

### IV.   BASIS FOR RELIEF REQUESTED

8.   This Application is made pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code for an order appointing BTTX as Hotel operator for the Debtor for the time period ending upon the occurrence of the earlier of (i) the sale of the Property; or (ii) the dismissal of this Chapter 11 Case.

9.   Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a). Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.  11 U.S.C. § 363(b)(1).

### V.   BTTX'S QUALIFICATIONS

10.   BTTX is an operating affiliate of GF Hotels & Resorts, a full service, award-winning management company which specializes in providing comprehensive hospitality

3

management and operational services for hotels and resorts of all sizes. The Company has an experienced team of professionals capable of assisting the Debtor in the day-to-day management of the Hotel. The Company has a deep understanding of the objectives of hospitality asset owners and financial institutions and utilizes its extensive hospitality expertise to develop efficient and cost-effective methods of improving the management and operation of hospitality assets such as the Debtor's Hotel.

11. In the Debtor's business judgment, the retention of BTTX as Hotel operator will help maximize the value of the Property during the sale process to be conducted in this Chapter 11 Case. Accordingly, the Debtor's estate and creditors will benefit from BTTX's retention in this Chapter 11 Case.

## VI. SERVICES TO BE PROVIDED

12. As more fully described in the Engagement Agreement, the Company will perform the following services for the benefit of the Debtor's estate:

   a. Train, direct, supervise and dismiss on behalf of Debtor on-site staff ("Hotel Employees") for the operation of the Property;

   b. Develop and implement advertising, marketing, promotion, publicity and other similar programs for the Property;

   c. (i) Negotiate and enter into leases, licenses and concession agreements (collectively, "Leases") on behalf of and in Debtor's name for office space and lobby space at the Property, if any, collect the rent under such Leases and otherwise administer the Leases and (ii) negotiate and enter into contracts on behalf of and in the Debtor's name for the provision of services to the Property, except that all such leases and contracts for a term of more than thirty (30) calendar days must be approved by the Debtor prior to their execution.

   d. Apply for, process and take all necessary steps to procure and keep in effect in Debtor's name all licenses and permits required for the operation of the Property;

   e. Purchase all FF&E, Operating Equipment and Operating Supplies necessary for the operation of the Property;

4

      f.      Provide routine accounting and purchasing services as required in the ordinary course of business;

      g.      Maintain the Property in a good state of repair and in accordance with the Debtor's requirements; and

      h.      Represent and work in conjunction with the Debtor in connection with the making of any capital improvements to the Property or the renovation and refurbishment of the Property.

13. Because of the extensive services that will be necessary to effectively operate the Hotel during the sale process and the remainder of the Chapter 11 Case, and the fact that the full nature and extent of such services are not known at this time, the Debtor believes that the employment of BTTX for all of the Debtor's purposes set forth above is appropriate and in the best in interests of the Debtor.

## VII.  TERMS OF BTTX'S ENGAGEMENT

### A.  Professional Compensation

14. The Debtor has agreed to engage BTTX pursuant to the Company's standard policies and procedures. Pursuant to, and qualified by, the terms and conditions of the Engagement Agreement, the Debtor seeks approval to pay BTTX a flat monthly management fee of $7,500.00 (the "Monthly Fee"). The Company was not provided a retainer by the Debtor prior to beginning services and has not been paid any fees or expenses incurred in connection with this Chapter 11 Case.

15. The Debtor respectfully requests that the undisputed fees and expenses incurred by BTTX in the performance of the services described in this Application be treated as expenses incurred in the ordinary course of business. As such, the Debtor requests that BTTX be compensated in accordance with the Engagement Agreement out of property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code without further application to or order of the Court. As provided in the Engagement Agreement, the Debtor's Lender has agreed that the Company's

5

fees and reimbursable expenses incurred may be paid by the Debtor from the Lender's collateral, subject to the Court's Cash Collateral Orders and accompanying approved budgets.

16. The Monthly Fee structure is comparable to compensation generally charged by hospitality management companies for properties similar in size to the Debtor's Property. The structure is also consistent with BTTX's normal and customary billing practice for engagements of this size and complexity that require the level of expertise and scope of specialized services outlined above and in the Engagement Agreement. If any dispute arises relating to the Company's monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

### B.   Indemnification

17. As more fully set forth in the Listing Agreement, the Debtor has agreed, among other things, to indemnify and hold harmless BTTX, its affiliates, and its partners, directors, officers, agents, and employees in connection with BTTX's representation of the Debtor, subject to certain exceptions (the "Indemnification Provisions"). The Debtor has been advised that the Indemnification Provisions are customary and reasonable terms of consideration for management companies and other estate professionals for proceedings both out of court and in chapter 11 cases. The terms of the Indemnification Provisions were negotiated between the Debtor and BTTX at arm's-length and the Debtor respectfully submits that the Indemnification Provisions are reasonable and in the best interests of the Debtor, the estate and creditors.

### VIII.  BTTX IS "DISINTERESTED"

18. BTTX has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor. To the best of the Debtor's knowledge, information, and belief, the Company has represented that it neither holds

6

nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it is to be employed.

19. To the best of the Debtor's knowledge, BTTX is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Company's members and employees are not and were not, within two (2) years before the date of the filing of the Chapter 11 Case, creditors, equity security holders, insiders, or employees of the Debtor. BTTX will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## IX.    EMERGENCY CONSIDERATION

20. Pursuant to Bankruptcy Rule 9013-1, the Debtor respectfully requests emergency consideration of this Application. This Application is filed because the Debtor is operating the Property that needs to be sold on an expedited basis in accordance with the milestones set forth in the Court's CRO Order which, in turn, will preserve value and ensure an orderly transition of the assets to a successful bidder identified at the conclusion of the auction, if any. While Debtor's CRO has engaged in significant efforts to maintain the business and preserve value, the Debtor has a need to retain BTTX as the Hotel operator in the Chapter 11 Case so that the Debtor can focus its efforts and limited resources on maximizing value and conducting a successful sale of the Property. Accordingly, the Debtor respectfully requests that the Court approve the relief requested in this Application on an emergency basis.

## X.    PRAYER

WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form attached hereto, (i) approving the retention of BTTX Associates LLC as Hotel operator for the Debtor, and (ii) granting such other and further the relief as the Court may deem just and proper.

Respectfully submitted on the 29th day of November, 2021.

                **OKIN ADAMS LLP**

By:    /s/ *Matthew S. Okin*
       Matthew S. Okin
       Texas Bar No. 00784695
       Email: mokin@okinadams.com
       Ryan A. O'Connor
       Texas Bar No. 24098190
       Email: roconnor@okinadams.com
       1113 Vine St., Suite 240
       Houston, Texas 77002
       Tel: 713.228.4100
       Fax: 888.865.2118

            **ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

     I hereby certify that on November 29, 2021, a true and correct copy of the foregoing Application was served via the Court's CM/ECF system to all parties consenting to service through the same.

By:  */s/ Matthew S. Okin*
      Matthew S. Okin

4826-8562-5598, v. 3