IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-32261 |
| **Kornbluth Texas, LLC,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**Objection to Agreed Order and Stipulation Authorizing the
Continued Use of Cash Collateral
(Doc. No. 148)**

The United States objects to the proposed order at Doc. No. 148.

## Summary

A carve out for administrative expenses requires either (a) the consent of all affected lienholders, or (b) the showing called for by the Fifth Circuit in *In re Domistyle, Inc.*, 811 F.3d 691 (5th Cir. 2015). The debtor does not have the consent of all lienholders, and it cannot make the showing required by *Domistyle* for expenses which have not yet been incurred. Without either, the Court is prohibited by Fifth Circuit authority from enlarging the carveout beyond what it previously ordered.

## Background

The United States through the U.S. Small Business Administration holds a junior lien on cash collateral in this case. Exhibit A.

Since the appointment of the chief restructuring officer, debtor's counsel has refused to either engage in meaningful negotiations with counsel for the United States about cash collateral or provide timely information about sale efforts. Regarding cash collateral, despite the fact that authority to use cash collateral under

the Court's previous order expired on December 9, [Doc. No. 110, p. 6], debtor's counsel made zero effort to confer with the United States about continued use of cash collateral before the December 16 hearing. Instead, the debtor's counsel requested an emergency status conference, the Court set a status conference at 1:00 p.m. on December 16, and at 12:58 p.m. on December 16 the debtor filed a new proposed cash collateral order. With the continuing choice by debtor's counsel to keep the junior lienholder in the proverbial dark, it should not be surprising that the junior lienholder is unwilling to give a blank-check carveout to administrative expenses.

At the December 16 hearing, the United States stated that (a) if the new proposed cash collateral order did not reduce the SBA's recovery, then it had no problem with the first lienholder granting a larger carveout, but (b) if this agreement between the debtor and the first lienholder will have any adverse effect on the SBA's recovery, then the United States does not agree to it.

Following the hearing, the debtor and the United States exchanged redlines. The debtor insisted on increasing the amount of the carveout to reduce the SBA's recovery. The last version circulated by debtor's counsel, filed at Doc. No. 148-1, wants the Court to increase the carveout from (a) a maximum of $50,000 after December 9, 2021, to (b) an uncapped amount incurred between December 9, 2021, and a date potentially as late as January 15, 2022. [Doc. No. 148-1, p. 3] (moving "Termination Event" potentially to a date on or before January 15, 2022); [Doc. No. 148-1, p. 4] (removing the $50,000 cap that originally appeared at Doc. No. 110, p. 5].

The United States does not consent to this increased carveout, meaning the debtor must make the appropriate showing to get the additional carveout. Because the debtor seeks a carveout for fees yet to be incurred, it is unclear how the debtor can show those yet-to-be-incurred fees are necessary, reasonable, and benefit the United States.

## Objection

The United States objects to increasing the carveout for administrative expenses in a way that has any effect on the SBA's recovery.

Administrative expenses can only be surcharged against a secured creditor's collateral if they "are (1) necessary; (2) reasonable; and (3) benefit the creditor." *Matter of Houston Regional Sports Network, L.P.*, 886 F.3d 523, 533 (5th Cir. 2018) (citing *In re Domistyle, Inc.*, 811 F.3d 691, 695 (5th Cir. 2015)); 11 U.S.C. § 506(c). Not just any benefit meets the third requirement—"the expense must be 'directly related to preserving or enhancing' [the] encumbered property." *Id.* (citing *Domistyle*, 811 F.3d at 698). Benefits that are indirect, speculative, or benefit other creditors do not qualify. *In re McCombs*, 436 B.R. 421, 449 (Bankr. S.D. Tex. 2010) (citing *In re Grimland, Inc.*, 243 F.3d 228, 232-233 (5th Cir. 2001)). The party seeking surcharge bears the burden of proof. *Id.* (citing *Psi, Inc. v. Aguillard (Matter of Senior-G & A Operating Co., Inc.)*, 957 F.2d 1290, 1299 (5th Cir. 1992)).

The debtor previously made a detailed agreement with the first lienholder about a carveout. [Doc. No. 110, pp. 5-6]. Although the debtor chose not to seriously engage with the United States on this carveout, the United States reviewed this

proposed order and declined to object because the carveout appeared reasonable. Now, again refusing to seriously engage with the United States, the debtor asks to increase this carveout—going from a post-December 9 cap of $50,000 to an uncapped amount after December 9. [Doc. No. 110, p. 5]; [Doc. No. 148-1, p. 4]. This increased amount could eat into the SBA's recovery, and depending on the amount of the first lienholder's credit bid, the amount of cash left in the estate, and the amount of administrative expenses, could totally eliminate any recovery by the United States. If that happens, it would be virtually impossible for the administrative claimants to show a specific "benefit" to the United States, meaning a carveout to that extent would not be appropriate under Fifth Circuit authority.

The United States proposes adding the following to the proposed order at Doc. No. 148-1 to resolve this dispute:

> Notwithstanding anything to the contrary elsewhere in this Order, the Carve-Out either (a) shall not exceed (i) the allowed amount of the Lender's secured claim, minus (ii) the amount of the winning foreclosure sale bid by the Lender plus any amounts paid to the Lender during this case, or (b) shall be limited by the terms of the Court's Order at Doc. No. 110.

This this language preserves the deal between the first lienholder and the debtor in the event it is the first lienholder's recovery—and only its recovery—being reduced by the new carveout proposal. At the same time, this language prevents the debtor from reducing the United States' recovery through an agreement that did not include the United States.

Accordingly, the United States requests that the Court decline to enter the proposed order at Doc. No. 148-1 and instead enter the proposed order included with this objection.[1]

Dated:  December 19, 2021.

Respectfully submitted,

JENNIFER B. LOWERY,
Acting United States Attorney

By:   *s/ Richard A. Kincheloe*
Richard A. Kincheloe
Assistant United States Attorney
Attorney-in-Charge
United States Attorney's Office
Southern District of Texas
Texas Bar No. 24068107
S.D. Tex. ID No. 1132346
1000 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9422
Facsimile: (713) 718-3033
Email:  Richard.Kincheloe@usdoj.gov
**Attorney for the United States**

## Certificate of Service

The undersigned certifies that he served a true and correct copy of the foregoing Notice on the parties receiving ECF notification in this case on December 19, 2021, by ECF notice.

 *s/ Richard A. Kincheloe*
Richard A. Kincheloe
Assistant United States Attorney

---

[1] The attached proposed order starts from the last Word document that debtor's counsel sent, revises paragraph 6, removes the signature blocks of counsel, and deletes "Agreed" from the title.