IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-32261 |
| **KORNBLUTH TEXAS, LLC,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASE PURSUANT TO SECTION 1112 OF THE BANKRUPTCY CODE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 15, 2022 AT 11:00 A.M. IN COURTROOM 401, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.  YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY.  YOU MAY ACCESS THE FACILITY AT (832) 917-1510.  YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING.  TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION.  TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE.  ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

Kornbluth Texas, LLC the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this *Motion for Entry of an Order Dismissing Chapter 11 Case Pursuant to Section 1112 of the Bankruptcy Code* (the "Motion"), and in support hereof, respectfully states as follows:

## I.     JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are sections 105(a) and 1112 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "Bankruptcy Code"), Rules 2002(a), 9013, and 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 4002-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II.     BACKGROUND

3. This case (the "Chapter 11 Case") commenced on July 5, 2021 (the "Petition Date"), when the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its property as a debtor in possession. No official committee has been appointed in the Chapter 11 Case, and no request has been made for the appointment of a trustee or examiner.

5. The Debtor's primary asset was its interest in the real property commonly known as Holiday Inn Webster and located at 302 West Bay Area Boulevard, Webster, Texas 77598 (the "Hotel" or "Property").

6. On September 30, 2021, the Court entered its *Order Regarding WFCM 2016-LC25 West Bay Area Boulevard, LLC's Motion for Relief from the Automatic Stay With Respect to Non-Residential Real Property* [ECF # 85] (the "Lift Stay Order") and appointed Douglas J. Brickley as Chief Restructuring Officer ("CRO") of the Debtor. Pursuant to the Lift Stay Order, the CRO was authorized and directed to engage the services of a broker to market the Property for sale through a sale process to be conducted under section 363 of the Bankruptcy Code; *provided*, *however*, that WFCM 2016-LC25 West Bay Area Boulevard, LLC (the "Lender") was authorized to foreclose if a sale was not completed by December 9, 2021.

7. The Debtor engaged a broker to assist the Debtor in marketing the Property for sale during the Chapter 11 Case as provided in the Lift Stay Order. The marketing process did not result in any bids that were sufficient pay the Lender's secured claim against the Debtor's estate in full. Accordingly, on or about December 9, 2021, the Lender provided notice of its intent to foreclose on the Property in accordance with its rights under the Lift Stay Order. *See Notice of WFCM 2016-LC25 West Bay Area Boulevard, LLC's Election to Foreclose* [ECF # 147].

8. After the non-judicial foreclosure sale held on January 4, 2022, the Lender filed its *Notice of Winning Bid at Foreclosure Sale* [ECF # 160] and provided notice that the Property was sold to the Lender for a purchase price of $5,750,000.00. The Lender then assumed control of the Property and the Hotel's operations.

9. As of the filing of this Motion, the Debtor's only remaining liquid asset is a limited amount of cash to be used to pay administrative expenses and allowed professional fees

3

accrued during the Chapter 11 Case, which fees and expenses are subject to the Carve-Out from the Lender's collateral as defined in the Court's cash collateral orders. *See* ECF #s 110, 149, 154. The Debtor's professionals intend to file final fee applications contemporaneously with this Motion.

10. The Debtor does not believe there are any other tangible, liquid, and unencumbered assets remaining in the estate with which the Debtor can reorganize its financial affairs. To the extent any assets, such as causes of action, remain in the estate, the Debtor is not aware of any valuable assets that could yield a benefit to the Debtor's unsecured creditors. Accordingly, the Debtor, with the agreement of the Lender and certain other parties in interest, has determined that reorganization is not a viable option and that it is in the best interests of the Debtor and its estate to dismiss this Chapter 11 Case. The Debtor believes the remaining cash on hand held by the estate should be used to pay, within three (3) business days of the entry of the order granting the relief requested in this Motion, all accrued administrative expenses and allowed professional fees to the appropriate parties in connection with the dismissal of this Chapter 11 Case. After payment, administration of the Debtor's estate will have been completed, and all assets of the Debtor's estate will have been distributed in accordance with prior orders of this Court, the Bankruptcy Code, and other applicable law. To the extent any cash remains in the estate after payments to the appropriate parties, such cash will be distributed to Lender.

### III.    RELIEF REQUESTED

11. By this Motion, the Debtor requests that the Court enter an order, substantially in the form submitted herewith, dismissing this Chapter 11 Case pursuant to section 1112 of the Bankruptcy Code. The Debtor requests that the dismissal be effective as of February 21, 2022, or such other date as the Court deems necessary and appropriate to allow for payment of accrued

administrative expenses and allowed professional fees that are subject to the Carve-Out from the Lender's collateral.

### IV. BASIS FOR RELIEF REQUESTED

12. As part of the wind-down of the Debtor's estate, the Debtor, Lender and certain other parties in interest have agreed that the Debtor should seek a voluntary dismissal of the Chapter 11 Case promptly following payment of accrued administrative expenses and allowed professional fees. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U. S. C. § 105(a).

13. Section 1112 of the Bankruptcy Code provides that:

> … on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Thus, section 1112 provides the mechanism for dismissal of the Chapter 11 Case if the Debtor can demonstrate cause. Specifically, the movant bears the initial burden of demonstrating that cause exists to dismiss the case, and why such requested relief is in the best interests of creditors and the estate. *See In re Helmers*, 3631 B.R. 190, 198 (Bankr. D. Kan. 2007).

14. "In defining the essential role of the cause standard, it is useful to bear in mind the fundamental purposes and limitations of chapter 11 as they relate to [Bankruptcy Code] section 1112(b)," including, *inter alia*, (i) maximizing creditor returns, and (ii) providing for a negotiated resolution of a debtor's case. 7 Collier on Bankruptcy ¶ 1112.04 (Richard Levin & Henry J. Sommer eds., 16th ed.). As set forth herein, the proposed dismissal is a negotiated resolution with the Lender, as the holder of first liens on the Debtor's cash, along with certain

5

other parties in interest. Dismissal furthers the policies and intent of the Bankruptcy Code and provides the most cost-effective means for the Debtor to wind up its affairs. Following foreclosure of the Property by the Lender, the primary assets of the estate have been fully administered, and any remaining cash on hand will be distributed in accordance with the Bankruptcy Code's priority scheme, the Carve-Out provided in the Court's cash collateral orders, and any order granting the relief requested in this Motion. Such distributions are permitted pursuant to section 363(b)(1) of the Bankruptcy Code are supported by sound business justifications under the circumstances. Further, pursuant to Bankruptcy Code section 363(c)(2)(A), the Lender consents to the Debtor's proposed use of estate property and other relief requested in this Motion. In light of this, the Debtor does not believe it is necessary or appropriate to delay the proposed distribution of the remaining cash to the pay the claims, fees and expenses detailed herein.

15. After making the appropriate distributions, no other tangible, liquid and unencumbered assets will remain in the estate for distribution. To the extent any other assets remain, such as causes of action, the Debtor believes that such assets would likely yield little or no benefit to the Debtor's creditors. Thus, continuing this Chapter 11 Case, or converting it to a case under the chapter 7 of the Bankruptcy Code, will serve no purpose that is beneficial to creditors. Accordingly, the Debtor submits that cause exists to dismiss the Chapter 11 Case, and that dismissal is in the best interest of the Debtor, the estate, and creditors.

## V.  **WAIVER OF BANKRUPTCY RULE 6004(a) and 6004(h)**

16. To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that: (i) notice of the relief requested herein satisfied Bankruptcy Rule 6004(a); and (ii) the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

6

## VI. PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto: (i) dismissing the Chapter 11 Case pursuant to section 1112 of the Bankruptcy Code effective as of February 21, 2022; and (iv) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 24th day of January, 2022.

**OKIN ADAMS LLP**

By:   /s/ *Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
Ryan A. O'Connor
Texas Bar No. 24098190
Email: roconnor@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118

**ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, a true and correct copy of the foregoing Motion was served via this Court's CM/ECF notification system to all parties consenting to service through the same.

By:   /s/ *Matthew S. Okin*
Matthew S. Okin

4882-5859-3546, v. 1